UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN A. DOBSON,<br><br>              Plaintiff,<br>    v.<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES et al.,<br><br>              Defendants. | CASE NO. 2:25-cv-01448-TL<br><br>ORDER ON MOTION FOR MORE DEFINITE STATEMENT |

This matter is before the Court on Local 15 Defendants' motion for a more definite statement. Dkt. No. 30. Having reviewed the motion, Plaintiff's response (Dkt. No. 31), Local 15 Defendants' reply (Dkt. No. 38), and the relevant record, the Court DENIES the motion.

### I.  BACKGROUND

This is a case brought by a union member against his union. *See generally* Dkt. No. 18 (First Amended Complaint). Plaintiff Stephen A. Dobson is proceeding pro se. Plaintiff, a member of the International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada

("IATSE"), Local 15 ("Local 15"), alleges violations of the Labor–Management Reporting and Disclosure Act ("LMRDA") and National Labor Relations Act ("NLRA"). *See id.* at 10–21. In his First Amended Complaint ("FAC"), Plaintiff names 15 Defendants—IATSE and its International President Matthew Loeb ("IATSE Defendants") and Local 15 and thirteen Local 15 officers ("Local 15 Defendants"). *See id.* at 4–9.

On August 1, 2025, Plaintiff filed his original complaint (Dkt. No. 1), along with a motion to appoint counsel (Dkt. No. 14). On October 15, 2025, Plaintiff amended his complaint as a matter of course. Dkt. No. 18; *see* Fed. R. Civ. P. 15(a)(1). The FAC added further factual allegations that had not been included in the original complaint. *Compare* Dkt. No. 18 at 10–21, *with* Dkt. No. 1 at 8–16.

On October 14, 2025, Plaintiff filed an amended application for Court-appointed counsel. Dkt. No. 21. On November 13, 2025, the Court referred the case to the Civil Rights Case Screening Committee for Non-Incarcerated Litigant Cases of the Western District of Washington's Pro Bono Panel ("Screening Committee"). Dkt. No. 35 at 1. Noting the complexity of the LMRDA and the "dense factual narrative" pleaded in the FAC, the Court "conclude[d] that Plaintiff may benefit from the assistance of counsel in determining whether his allegations support any viable causes of action." *Id.* at 3. The Court directed the Screening Committee to review the FAC and to make a recommendation to the Court as to whether appointment of pro-bono counsel is warranted in this case. *Id.* at 3–4. The Court's Order contemplates that any appointed counsel will serve the limited purpose of drafting a second amended complaint. *See id.* at 3 (citing *Cruz-Droz v. Marquis*, No. C17-1291, 2017 WL 6614256, at *5 (D. Conn. Dec. 27, 2017)). The Court expects to receive the Screening Committee's recommendation by December 15, 2025. *See id.* at 3.

ORDER ON MOTION FOR MORE DEFINITE STATEMENT – 2

1    Prior to the Court's referral of the case to the Screening Committee, on October 31, 2025,

2  the Local 15 Defendants filed the instant Rule 12(e) motion for a more definite statement. Dkt.

3  No. 30. On November 3, 2025, Plaintiff responded to the motion by way of a motion to strike

4  (Dkt. No. 31), which he later clarified was intended as an opposition to Local 15 Defendants'

5  Rule 12(e) motion, not as an independent motion to strike. *See* Dkt. No. 34. On November 7,

6  2025, Plaintiff filed what he later termed an "updated response submission." Dkt. No. 33.[1]

7    Two weeks later, on November 14, 2025, the IATSE Defendants filed a Rule 12(b)(6)

8  motion to dismiss for failure to state a claim. Dkt. No. 36.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his

---

[1] Strictly speaking, Plaintiff's "updated response submission" (Dkt. No. 33) is an impermissible surreply. *See* LCR 7(b)(2); *Zhai v. Jaddou*, No. C23-1892, 2024 WL 1701973, at *1 n.1 (W.D. Wash. Apr. 19, 2024). The Court's November 5, 2025, minute order (Dkt. No. 32) was not an invitation for Plaintiff to file an updated version of his opposition brief (Dkt. No. 31) to Local 15 Defendants' motion. Indeed, Plaintiff recognized as much in a short submission filed on November 7, 2025. *See* Dkt. No. 34 at 2. The Court therefore disregards the "updated response submission" at Docket No. 33 and reminds Plaintiff that "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). In any event, the primary difference between the response and updated response is that the latter requests that the Court sanction the Local 15 Defendants. *See* Dkt. No. 33 at 7–8. The Court finds nothing improper about Local 15 Defendants' motion and finds no grounds for sanctions.

responsive pleadings." *Harrell v. Bd. of Trs. of Cal. State. Univ.*, 710 F. Supp. 3d 742, 746 (N.D. Cal. 2024) (quoting *Fed. Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988) (internal quotation marks removed).

### III.   DISCUSSION

**A.   Motion for More Definite Statement**

Local 15 Defendants argue that Plaintiff's pleading(s) "offer[] a lengthy narrative but no indication as to what each Defendant is alleged to have done that is a violation of either" the LMRDA or NLRA. Dkt. No. 30 at 2. Defendants summarize the original complaint as alleging 26 instances of wrongdoing committed by various Defendants. *See id.* at 2–4. The FAC, Defendants assert, adds seven more. *See id.* at 4–5. Defendants assert that "[n]either Plaintiff's Complaint nor his Amended Complaint have a cause of action section where he explains which facts relate to which cause of action." *Id.* at 5.

Local 15 Defendants advance two arguments in support of their motion. First, they argue that the FAC "is so vague that it cannot be answered." *Id.* at 6. Second, they make a prudential argument, asserting that a "more particular pleading would further the disposition of the action." *Id.* at 8. Neither sufficiently addresses a fundamental problem with the motion, which is that, simply put, the FAC is coherent, articulate, and—inarguably—intelligible.

In making their vagueness-based argument, Local 15 Defendants utilize the pleading standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Dkt. No. 30 at 5, 7. But *Iqbal* (and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) governs motions to dismiss under Rule 12(b)(6), not motions for a more definite statement under Rule 12(e). Courts do not apply the *Twombly–Iqbal* standard to Rule 12(e) motions. *See, e.g.*, *Comm. for Immigrant Rights of Sonoma Cnty. v. County of Sonoma*, 644 F. Supp. 2d 1177, 1190–91 (N.D. Cal. 2009) (applying *Iqbal* to Rule 12(b)(6) motion to dismiss, but not to Rule 12(e)

motion for more definite statement filed in the alternative). "Rule 12(e) motions properly target incomprehensible claims rather than imprecisely pleaded claims." *Briah v. Doe*, No. C15-403, 2015 WL 9948210, at *2 (D. Or. Dec. 22, 2015). The Court concludes that Local Defendants do not need a more definite statement to answer Plaintiff's pleading.

As to Local 15 Defendants' argument that it would be more pragmatic to address the FAC's "who did what" problem now, before discovery and further motion practice, Local 15 Defendants do not provide any authority that demonstrates the propriety of taking such an approach. Although the line between Rules 12(e) and 12(b)(6) might not always be clear, courts routinely locate it, *see Bautista v. Los Angeles County*, 216 F.3d 837, 843 (9th Cir. 2000) (Reinhardt, J., concurring), and the Court is not aware of any case law in this Circuit that permits a court to construe a Rule 12(e) motion as a Rule 12(b)(6) motion on the basis of judicial economy.

## IV. CONCLUSION

Accordingly, Local 15 Defendants' Motion for More Definite Statement (Dkt. No. 30) is DENIED.

Dated this 21st day of November, 2025.

Tana Lin
United States District Judge